IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ERIC MITTENTHAL, ANITA JAIRAM and
KEVIN HILLOW, *individually and on behalf
of all others similarly situated,*

        Plaintiffs,

v.

FLORIDA PANTHERS HOCKEY CLUB, LTD,
*a Florida limited partnership*;
PHGP LLC, *a Florida limited liability company;*
JAKE SCHREIBER, *an individual;*
DAVID BRUNSON, *an individual,*

        Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, Florida Panthers Hockey Club, Ltd., PHGP, LLC, and corporate executives Jake Schreiber and David Brunson (collectively, "Defendants"), hereby remove the state-court civil action known as *Mittenthal et al. v. Florida Panthers Hockey Club*, *Ltd et. al.,* Case No. CACE-20-004769, from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support thereof, Defendants state as follows:

### INTRODUCTION AND PROCEDURAL HISTORY

1.  On March 17, 2020, Plaintiffs Eric Mittenthal, Anita Jairam, and Kevin Hillow ("Plaintiffs") filed a Class Action Complaint (the "Complaint") on behalf of themselves and all others similarly situated with the Circuit Court of the Seventeenth Judicial Circuit in and for

Broward County, Florida (the "State Court Action"). The State Court Action was assigned Case No. CACE-20-004769.[1]

2. Plaintiffs' Complaint asserts a cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for Defendants' allegedly intrusive telephone marketing strategies.

3. On or about March 24, 2020, Defendants' counsel accepted service of a copy of Plaintiffs' Complaint, along with Plaintiffs' First Request for Production, Request for Inspection of Property, and Notice of Taking Interrogatories, via email. Defendants removed the State Court Action within thirty (30) days. *See* 28 U.S.C. § 1446(b); *see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time for removal is calculated from service). Removal is therefore timely.

4. The Complaint was the first pleading from which Defendants could have been ascertained that the case was removable. 28 U.S.C. § 1446(b).

5. This Court is the proper district and division because it embraces Broward County, Florida, where Plaintiffs' State Court Action is currently pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

6. Appended hereto as **Composite Exhibit A** is a copy of all process, pleadings, orders, and other papers or exhibits of every kind as of this date on file in the State Court Action. See 28 U.S.C. § 1446(a).

---

[1] Plaintiffs previously initiated an action against Defendants in the Southern District of Florida. *See In re Florida Panthers TCPA Litigation*, Case No. 20-60112-CIV-ALTMAN/Hunt on January 17, 2020. On March 2, 2020, Plaintiffs filed an amended class complaint as a Consolidated Class Action Complaint. Thereafter, Plaintiffs voluntarily dismissed the complaint pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). Plaintiffs then proceeded to file the State Court Action. *See Mittenthal et al. v. Florida Panthers Hockey Club*, *Ltd. et al.,* Case No. CACE-20-004769. The State Court Action is duplicative of the originally filed dismissed federal action. *See In re Florida Panthers TCPA Litigation*, Case No. 20-60112-CIV-ALTMAN/Hunt.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, together with all Exhibits, is being served on Plaintiffs' counsel, and a copy is being filed with the State Court Clerk.  A copy of Defendants' State Court Action Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as **Exhibit B**.

8. As set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2]

## FACTUAL ALLEGATIONS

9. Plaintiffs allege that Defendants have deployed intrusive telephone marketing strategies to maintain fan engagement and attendance at Panthers games. *See generally* Plfs. Compl.

10. Plaintiffs claim that Defendants transmitted advertising and telemarketing text messages to Plaintiffs cellphones and the cellphones of numerous other similarly situated individuals using an automatic telephone dialing system without anyone's prior express written consent, allegedly in violation of the TCPA. Specifically, Plaintiffs allege that Defendants sent impersonal and generic text messages to consumers *en masse* through an automatic telephone dialing system.

11. Plaintiffs seek both statutory damages and equitable remedies.

## SUBJECT MATTER JURISDICTION EXISTS BASED ON FEDERAL QUESTION JURISDICTION

12. United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America.  *See* 28 U.S.C. § 1331.

---

[2] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative defense or counterclaim.

13. Removal of such cases is governed by 28 U.S.C. § 1441(a). Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

14. Here, Plaintiffs' Complaint purports to assert a claim against Defendants for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). *See* Compl. ¶ 1.

15. Plaintiffs' allege violations of a federal statute—the TCPA—and consequently their claims "arise under" the laws of the United States. *See* 28 U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over Plaintiffs' TCPA claims.

16. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Defendants respectfully request that the above-referenced action, originally filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and Defendants request that this Court retain jurisdiction for all further proceedings in this matter.

Dated: April 9, 2020

Respectfully Submitted,

By: /s/ *Edward M. Mullins*
Edward M. Mullins, Esq.
FBN: 863920
emullins@reedsmith.com
Brandon T. White, Esq.
FBN: 106792
bwhite@reedsmith.com
Nicole Langesfeld, Esq.
FBN: 1018303
nlangesfeld@reedsmith.com

**REED SMITH LLP**
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Phone: 786.747.0203; Fax: 786.747.0299
emullins@reedsmith.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that a true and correct copy of the foregoing was served this date via email upon counsel on the Service List below.

*/s/ Edward M. Mullins*
Edward M. Mullins, Esq.

## SERVICE LIST

| **Scott Adam Edelsberg** | **Manuel Santiago Hiraldo**, | **Ruben Conitzer** |
|---|---|---|
| Edelsberg Law, P.A. | Hiraldo P.A. | Carey Rodriguez Milian Gonya LLP |
| 20900 NE 30th Avenue, Suite 417 | 401 E. Las Olas Boulevard, Suite 1400 | 1395 Brickell Avenue, Suite 700 |
| Aventura, FL 33180 | Ft. Lauderdale, FL 33301 | Miami, FL 33131 |
| Telephone: (305) 975-3320 | Telephone: (954) 400-4713 | Telephone: (305) 372-7474 |
| scott@edelsberglaw.com | mhiraldo@hiraldolaw.com | rconitzer@careyrodriguez.com |